```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
_____

MARCUS MURRELL,                     )
                                    )
Plaintiff,                          )
                                    )
vs.                                 )    No. 13-2619-SHM-dkv
                                    )
CRACKER BARREL,                     )
                                    )
Defendant.                          )
_____

                   REPORT AND RECOMMENDATION ON
         MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS
_____
```

Before the court is the March 3, 2013 motion of the defendant, Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"), pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, to dismiss the remaining race discrimination claim of the plaintiff, Marcus Murrell, for insufficient service of process. Murrell has not responded to the motion, and the time for doing so has expired. This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that the the motion to dismiss be denied, and that service be re-issued.

### I.  PROPOSED FINDINGS OF FACT

On August 12, 2013, Murrell filed a *pro se* "Complaint under

Title VII of the Civil Rights Act of 1964," (*Pro Se* Compl., D.E. 1), against Cracker Barrel, accompanied by a motion seeking leave to proceed *in forma pauperis*, (D.E. 2). On August 14, 2013, the court issued an order granting Murrell leave to proceed *in forma pauperis*, (D.E. 3). In a Report and Recommendation dated September 11, 2013, the undersigned magistrate judge recommended that Murrell's claim for color discrimination be dismissed *sua sponte* for failure to state a claim upon which relief can be granted and that the Clerk of Court be directed to issue a summons to Cracker Barrel on Murrell's remaining claim of race discrimination and to deliver that process to the marshal for service; that service be made on Cracker Barrel pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and that all costs of service be advanced by the United States. (Report and Recommendation, D.E. 4.)

The Report and Recommendation was adopted in full by the presiding district judge on December 2, 2013. (Order, D.E. 5.) In the order adopting the Report and Recommendation, the district judge directed the Clerk of Court "to issue a summons to Cracker Barrel on Murrell's remaining claim of race discrimination" but failed to direct the Clerk to deliver the summons to the U.S. Marshal for service. *(Id.)*

Pursuant to the district judge's order, the Clerk of Court issued a summons to Cracker Barrel Old Country Store on February 2,

2014, and mailed it along with a copy of the Order to Cracker Barrel Old Country Store, 305 Hartmann Drive, Lebanon, Tn 37087, by Certified Mail. There was no copy of the complaint included. The mail was received and opened by an employee of Cracker Barrel who was not an officer of the company nor an employee designated to receive service of process. (Aff. of Casey Harrington, D.E. 7-3.)

Cracker Barrel filed the present motion to dismiss for insufficient service of process because no complaint was included with the summons, because the summons was not served on an officer or other person designated to receive service of process, and because the summons has not been timely served.

## II. PROPOSED CONCLUSIONS OF LAW

Rule 4 governs service of a summons and complaint in federal courts. It provides that:

> A summons shall be served together with a copy of the complaint. The plaintiff is responsible for the service of a summons and complaint within the time allowed under subdivision (m) [120 days] and shall furnish the person effecting service with the necessary copies of the summons and complaint.

FED. R. CIV. P. 4(c)(1). Service of summons without a complaint is not effective service. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1345—46 (5th Cir. 1992) (holding that default was inappropriate where defendant was served with summons without complaint); *Dividock v. KCAD-FSU*, No. 5:05-cv-74, 2005 U.S. Dist.

3

LEXIS 36605, at *3—4 (W.D. Mich. Aug. 30, 2005)(finding service not effective where *pro se* plaintiff served defendant with a copy of the summons without a copy of the complaint); *see also* 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1093, at 508—09 (3d ed. 2002)(stating that even though a complaint is on file in the clerk's office, service of a summons without a copy of the complaint is not effective service).

Here, according to the motion of Cracker Barrel and the attached exhibit, the summons mailed to Cracker Barrel was not accompanied by a copy of the complaint. The courts do not "allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. 4." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999); *see also Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991)(noting that defendant's actual notice of litigation is not a substitute for proper service under Rule 4). Thus, the service of the summons on Cracker Barrel without the complaint was ineffective service.

Rule 4(m) requires a defendant to be served within 120 days after the complaint is filed, and if the plaintiff fails to effect proper service within the time limit, the court on motion must dismiss the action without prejudice. Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides in pertinent part:

> **Time Limit for Service**. If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant . . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(c)(1). "In general 'good cause' exists only in exceptional circumstances where the failure to serve process in a timely manner results from circumstances beyond the plaintiff's control." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp 654, 658 (S.D. N.Y. 1997). The complaint in this case was filed on August 12, 2013, and on December 2, 2013, the district judge directed the Clerk to issue a summons. More than 120 days has elapsed since the filing of the complaint and the issuance of the summons, and proper service has not been timely effected on Cracker Barrel.

Even though Murrell has not responded to the motion to dismiss, good cause exists for the failure of Murrell to timely effect proper service on Cracker Barrel. The district judge's order did not instruct the Clerk of Court to attach a copy of the complaint and to submit it to the U.S. Marshall for service. Accordingly, it is recommended that the court extend the time for service for thirty days.

III. RECOMMENDATION

It is recommended that the Clerk of Court be directed to re-

5

issue a summons to Cracker Barrel on Murrell's remaining claim of race discrimination and to deliver the summons along with a copy of the complaint (D.E. 1), a copy of the Report and Recommendation (D.E. 4), and a copy of the Order (D.E. 5) to the U.S. Marshal for service; that service be made on Cracker Barrel Old Country Store pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure by delivering the summons and the documents to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process; that all costs of service be advanced by the United States; and that Cracker Barrel's motion to dismiss be denied at this time.

Respectfully submitted this 25th day of April, 2014.

s/ Diane K. Vescovo  
Diane K. Vescovo  
United States Magistrate Judge